IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Scott Stuber Stertzbach, | ) | No. CV 05-4225-PHX-SRB (HCE) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Dora B. Schriro; et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge. For the following reasons the Magistrate Judge recommends that the District Court dismiss the Petition as untimely.

## I.    FACTUAL & PROCEDURAL BACKGROUND

### A.    State Proceedings

On December 20, 2002, Petitioner was charged by indictment filed in Maricopa County Superior Court, Arizona, with: five counts of theft, class 3 felonies; one count of theft of means of transportation, a class 3 felony; one count of taking identity of another, a class 4 felony; two counts of forgery, class 4 felonies; and misconduct involving weapons, a class 4 felony. (Answer, p.2, Ex. A) The prosecution amended the indictment to allege three historical prior felony convictions. (Answer, p.2, Ex. B)

On April 11, 2003, Petitioner, pursuant to a plea agreement, pled guilty to one count of theft and one count of theft of means of transportation, both class 3 felonies.  (Answer, p.2, Ex. C, Ex. D) In exchange, the prosecution agreed to dismiss all other charges and the allegation of historical prior felony convictions.  (Id.)  On May 9, 2003, the trial court sentenced Petitioner to concurrent five-year terms of imprisonment followed by community supervision.  (Answer, p.2, Ex. E)

On July 30, 2003, Petitioner filed a notice of post-conviction relief, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure,[1] with the state trial court.  (Answer, p.2, Ex. F) The trial court appointed counsel to represent Petitioner.  (Answer, p.2, Ex. H) On August 19, 2003, Petitioner filed with the state trial court a *pro se* letter stating that he "wish[ed] at this time to cancel, withdraw my filing of Rule 32  post conviction relief."  (Answer, Ex. I) On September 9, 2003, Petitioner's appointed counsel filed a motion to dismiss the post-conviction relief proceeding.  (Answer, p.2, Ex. J) Attached to the motion to dismiss was a statement signed by Petitioner indicating his desire to dismiss the action and his understanding that once the action is dismissed, he "will not be able to file another petition in this case unless there is new evidence which would have changed the verdict or sentence, a law has changed which would probably overturn the conviction or sentence, or I am being held in custody after my sentence has expired."  (Answer, Ex. J)  On September 26, 2003, the trial court entered an order dismissing Petitioner's post-conviction relief proceeding.  (Answer, p.2, Ex. K)

Over one year later, on November 16, 2004, Petitioner filed a petition for post-conviction relief with the state trial court.  (Answer, p.3, Ex. L) Petitioner sought correction of his sentence based upon the grounds that he had been denied his constitutional rights,

---

[1]Rule 32.1 of the Arizona Rules of Criminal Procedure provides that "[a]ny person who pled guilty...based upon a plea of guilty...shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz.R.Crim.P. 32.1.

"including a right that was not recognized as existing at the time of the trial," and that the sentence imposed was not in accordance with the sentencing procedures established by rule and statute. (Answer, Ex. L) Petitioner asserted that the issues had not been finally decided or raised before because "*Blakely v. Washington,* 124 S.Ct. 2531 (June 24, 2004) clarified the decision in *Apprindi* [sic] *v. New Jersey* to apply to plea agreements." (Id.) On December 22, 2004, the trial court dismissed the petition for post-conviction relief because "[t]he time for appealing from dismissal of Defendant's first post-conviction relief pleadings has passed and judgment in this case is final.  *Blakely* does not apply retroactively to such cases. Because they were or could have been raised by Defendant in his first post-conviction proceedings, the other claims raised by Defendant are precluded."  (Answer, Ex. M) On October 5, 2005, the Arizona Court of Appeals summarily denied review of the trial court's denial of post-conviction relief.  (Answer, p.3, Ex. N)

     B.    Federal Proceeding

     The instant Petition for federal habeas relief was signed by Petitioner on December 20, 2005 and filed-stamped by the Clerk of the Court on December 23, 2005.  A petition is deemed filed when handed by the inmate to a prison official for mailing.  *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988); *Patterson v. Stewart,* 251 F.3d 1243, 1245 n.2 (9th Cir. 2001) ("Under the prison mailbox rule...a *pro se* petitioner's petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk.")  The Court deems the Petition commencing this action as filed on December 20, 2005.  *See id.*

     Petitioner raises the following claims in his Petition:

     1.    violation of his constitutional rights because the state court was without jurisdiction to enhance his sentence beyond the 3.5- year presumptive term based on his resisting arrest;

     2.    ineffective assistance of counsel based on counsel's failure to object to the sentencing enhancement; and

3.      ineffective assistance of counsel during the post-conviction relief proceeding because counsel failed to appeal the sentencing enhancement.

On June 1, 2006, Respondents filed their Answer.  Respondents argue that the Petition is untimely filed.  On June 13, 2006, Petitioner filed a reply to Respondents' Answer. (Petitioner's "Objection to Respondent's [sic] Answer to Petitioner's Writ of Habeas Corpus") (hereinafter "Petitioner's Reply")

## II.      DISCUSSION

### A.      Mootness

Petitioner filed the instant Petition while he was in custody at the Arizona State Prison Complex (hereinafter "ASPC") in Florence, Arizona.  On January 9, 2007, Petitioner filed a Notice of Change of Address indicating an address other than the prison.  The docket was not changed to reflect the address specified in Petitioner's Notice of Change of Address.[2]  On April 19, 2007, Court mail sent to Petitioner at the prison was returned to the Clerk of Court because Petitioner is "not at ASPC-Florence."  (Doc. No. 26)  Records from the Arizona Department of Corrections ("ADOC") reflect that on March 25, 2007, Petitioner was released to a term of community supervision with a maximum end date of December 24, 2007. (ADOC website at www.azcorrections.gov).

"For a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody'....The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition."  *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir. 2001) (citations omitted).  However, it is well-settled that a state prisoner "remains in 'custody' for purposes of habeas jurisdiction while [the prisoner] is on parole."  *Goldyn v. Hayes,* 444 F.3d 1062, 1064, n.2 (9th Cir. 2006) (*citing Jones v. Cunningham,* 371 U.S. 236,

---

[2]The Court will enter a separate order directing the Clerk of Court to reflect Petitioner's address as indicated in the January 9, 2007 Notice of Change of Address.

243 (1963)).   This is so because even though "petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom."  *Jones,* 371 U.S. at 243 (noting restrictions including that petitioner "can be rearrested at any time the Board or parole officer believes he has violated a term or condition of his parole.") *See also Benson v. State of Calif.*  328 F.3d 159 162 (9th Cir. 1964).

Under Arizona law, when a person convicted of a felony is sentenced to a term of imprisonment, "the court at the time of sentencing shall impose on the convicted person a term of community supervision. The term of community supervision shall be served consecutively to the actual period of imprisonment if the person signs and agrees to abide by conditions of supervision established by the state department of corrections....[T]he term of community supervision imposed by the court shall be for a period equal to one day for every seven days of the sentence or sentences imposed."  A.R.S. § 13-603(I).[3]  During the term of release on community supervision, a prisoner remains under the supervision of the ADOC, is subject to conditions established by ADOC, may have a warrant issued for his arrest if there is "reasonable cause to believe that [he]...has violated his...community supervision and has lapsed or is probably about to lapse into criminal ways or company,"  and may be reimprisoned for violating the terms of that release.  *See* A.R.S. §§41-1604.07(F); 31-415, *et seq.*

Petitioner herein was sentenced to community supervision pursuant to A.R.S. § 13-603(I) and released on that status on March 25, 2007 through December 24, 2007.  (Answer, Ex. E; ADOC website at www.azcorrections.gov)  Although Petitioner is no longer in the physical custody of ADOC, he must abide by the conditions of his release on community supervision until at least December 24, 2007; a warrant may issue for his arrest if there is reasonable cause to believe he has violated the conditions of his community supervision or

_____

[3]In certain instances, not applicable herein, the court may waive community supervision.  *See* A.R.S. § 13-603(K).

that he has lapsed or is probably about to lapse into criminal ways or company; and he remains subject to reimprisonment for violation of the conditions of his release on community supervision.  Moreover, the length of Petitioner's term of release on community supervision is directly related to the sentences Petitioner challenges in the instant Petition. *See* A.R.S. § 13-603(I).  For these reasons, Petitioner's release on community supervision does not render his Petition moot.  *See Jones,* 371 U.S. 236; *Goldyn,* 444 F.3d at 1064 n.2.

  B. Statute of Limitations

  The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court."  *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1))  Pursuant to section 2244, the limitations period

> shall run from the latest of–
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1)(A)-(D).

  The statute of limitations may be statutorily or equitably tolled. *Malcom*, 281 F.3d at 955.  The limitations period is statutorily tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Additionally, equitable tolling may apply if a petitioner has been pursuing his rights diligently, and some extraordinary circumstance beyond his control make it impossible to file a petition on time.  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Malcom,* 951 F.3d at 962.

For Arizona criminal defendants, like Petitioner herein, who stand convicted pursuant to a guilty plea, the AEDPA statute of limitations does not begin to run "until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *See Summers v. Schriro,* __ F.3d. __ , 2007 WL 738447 (9th Cir. March 13, 2007).  On September 26, 2003, pursuant to Petitioner's motion to dismiss, the state trial court dismissed Petitioner's Rule 32 of-right proceeding. (Answer, Ex. K) Under Arizona law, a petition for appellate review of the trial court's order denying a petition for post-conviction relief must be filed within thirty days after the final decision of the trial court.  *See* Ariz.R.Crim.P. 32.9(c).  Petitioner did not seek review of the trial court's September 26, 2003 dismissal order. Given that the dismissal herein was pursuant to Petitioner's motion, it is unclear whether Petitioner was entitled to seek review of the trial court's order.  Nonetheless, granting Petitioner the benefit of the doubt, the Court will deem Petitioner's conviction final as of the expiration of the time for seeking review of the trial court's September 26, 2003 order dismissing Petitioner's post-conviction relief proceeding.  Thus, Petitioner had 30 days from September 26, 2003, *i.e.* until October 27,  2003, to seek review of the trial court's dismissal which he did not do.  Petitioner's conviction became final upon expiration of the time to seek appellate review of the trial court's dismissal.  *See Summers,* __ F.3d __,  2007 WL 738447.  Petitioner had one year from the date his conviction became final, *i.e.* from October 27, 2003, to seek federal habeas review.  *Id.*; 28 U.S.C. § 2244(d).  That one-year period to file a federal habeas petition expired on October 26, 2004. The instant Petition, filed on December 20, 2005, was filed more than one year after expiration of the AEDPA statute of limitations.  Therefore, the Petition must be dismissed as untimely unless Petitioner  establishes an alternate calculation of the statute of limitations pursuant to section 2244(d)(1)(B)-(D) and/or that he is entitled to statutory tolling under section 2244(d)(2) or equitable tolling.

Respondents correctly argue that the filing of Petitioner's second post-conviction relief proceeding in November 2004 does not affect calculation of the AEDPA statute of

limitations.  (Answer, pp. 5-6)  Petitioner's second petition for post-conviction relief was filed after the October 26, 2004 expiration of the AEDPA statute of limitations.  A state post-conviction relief proceeding filed after expiration of the AEDPA statute of limitations period has no effect whatsoever on the statute of limitations calculation because such state proceeding can neither revive the limitations period nor toll the already-expired period. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the  limitations period that has ended before the state petition was filed."); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001)  (where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute of limitations ended...[t]hat delay resulted in an absolute time bar to refiling..."); *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")

Petitioner asserts that he, "like most whom are unlearned in the law, depended greatly on the expertise of counsel to correctly instruct him...as to possible avenues of relief concerning his unique situation. The extemporaneous/callous/unfelling[sic]/emotionally void actions by counsel deprived Petitioner of his constitutionally protected right to representation...Petitioner (with the assistance of inmate legal representatives) filed his claims *pro se* in the state courts and continued to this federal court, thus removing the state created impediment to application, incompetent court appointed counsel." (Petitioner's Reply, pp. 10-11)

In his second post-conviction relief proceeding, Petitioner challenged the sentencing enhancement based on *Blakely*.  Petitioner does not cite *Blakely* in the instant Petition or Reply.  Among the cases cited to support Petitioner's *Blakely*-type argument raised herein are *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) and *Crawford v. Washington,* 541 U.S. 36 (2004).

Approximately three years before Petitioner's conviction, the U.S. Supreme Court held in *Apprendi* that any fact, other than the fact of a prior conviction, that increases the

- 8 -

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490. When Petitioner was convicted, *Apprendi* "was widely understood...to apply only if the sentence imposed exceeded the statutory maximum." *State v. Febles,* 115 P.3d 629, 636, 210 Ariz. 589, 596 (App. 2005). Although Petitioner's sentences exceeded the presumptive term, they did not exceed the statutory maximum.[4]   In 2004, the U.S. Supreme Court modified *Apprendi* by holding that:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*...In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely,* 542 U.S. at 296 (citations omitted) (emphasis in original).

Also in 2004, the Supreme Court overruled prior precedent to hold that "[t]estimonial statements of witnesses absent from trial" are admissible only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine the witness. *Crawford,* 541 U.S. at 59.

Section 2244(d)(1)(D) provides that the AEDPA statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record is clear that at the time of his conviction, Petitioner was aware of the factual predicate of his claims herein, i.e., that he was sentenced above the presumptive term; that the trial court considered that Petitioner resisted arrest in imposing sentence; and that his trial and post-conviction relief counsel did not challenge the sentences. To any extent that the *Blakely*

---

[4]Pursuant to the plea agreement herein, each crime for which Petitioner stands convicted "carries a presumptive sentence of *3.5* years; a minimum sentence of *2.5* years (2 years if trial court makes exceptional circumstances finding); and a maximum sentence of *7* years (*8.75* if trial court makes exceptional circumstances finding)." (Answer, Ex. C) (emphasis in original)

and *Crawford* decisions may have prompted Petitioner to seek federal habeas relief, *Blakely* and *Crawford* are the legal predicate for Petitioner's claims, not the factual predicate, or evidence, relevant to his guilt or sentence. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (AEDPA statute of limitations begins to run when the petitioner knows the important facts, not when the petitioner recognizes their legal significance.) Because Petitioner was aware of the pertinent facts at the time of his conviction, application of section 2244(d)(1)(D) does not alter the statute of limitations calculation herein.

Nor does the Supreme Court's issuance of the *Blakely* and *Crawford* decisions support an alternative date for the commencement of the statute of limitations. Although section 2244(d)(1)(C) provides that the limitations period will commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court," the statute also requires that such newly recognized right must have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). It is well-established that *Blakely* and *Crawford* do not apply retroactively to collateral review of a conviction, like Petitioner's, that was final before those decisions were announced. *Whorton v. Bockting,* __ U.S. __, 127. S.Ct. 1173 (2007) (holding that *Crawford* does not apply retroactively to cases on collateral review); *Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to cases on collateral review); *Febles,* 115 P.3d at 635, 210 Ariz. at 595 ("*Blakely* only applies to cases not yet final when the opinion was issued.")

Petitioner argues that alleged ineffective assistance of counsel in failing to challenge the sentencing enhancement resulted in a "state created impediment" to his ability to seek state and federal review. (Petitioner's Reply, p.11) Citing counsel's failure to object to the use of "testimonial hearsay" and "newly recognized United States Supreme Court decision in *Crawford*...", Petitioner asserts that his "collateral review in the state court process had been thwarted by incompetent/ineffective assistance of counsel." (Id. at p.9) Section 2244(d)(1)(B) provides that the AEDPA statute of limitations shall begin to run on "the date on which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).

In other contexts, such as establishing cause and prejudice for procedural default in habeas cases, the U.S. Supreme Court has stated that ineffectiveness of counsel in violation of the Sixth Amendment can constitute a type of "external impediment" that satisfies the cause requirement because "the Sixth Amendment itself requires that responsibility for the default be imputed to the State."  *Coleman v. Thompson,* 501 U.S. 722, 757 (1991) (*citing Murray v. Carrier,* 477 U.S. 478, 488 (1986)).  *But see Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (With respect to civil rights claims, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")   To the extent, if any, that ineffective assistance of counsel may be construed as an "impediment to filing an application created by state action" under section 2244(d)(1), Petitioner fails to establish that counsel acted to inhibit the filing of his *federal* habeas petition.

Furthermore, to the extent that Petitioner relies on cases decided prior to *Blakely* and/or *Crawford* as well as the principles enunciated therein to support his contention of ineffective assistance of counsel, the law is clear: "the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt,* 414 F.3d at 1035.  Under such circumstances,  "[c]ounsel's failure to predict future changes in the law, and in particular the *Blakely* decision, is not ineffective because '[c]lairvoyance is not a required attribute of effective representation.'...There is a difference between ignorance of controlling authority and 'the failure of an attorney to foresee future developments in the law.'" *Febles,* 115 P.3d at 637, 210 Ariz. at 597 (*quoting United States v. Gonzalez-Lerma,* 71 F.3d 1537, 1541-42 (10th Cir. 1995) *overruled on other grounds by U.S. v. Flowers*, 464 F.3d 1127 (10th Cir. 2006)); *see also Hoffman v. Arave,* 455 F.3d 926, 940 (9th Cir. 2006) ("We do not expect counsel to be prescient about the direction the law will take.") *Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir. 1994) (holding that defense attorney is not ineffective for

failing to anticipate a decision in a later case); *Brown v. United States,* 311 F.3d 875 (8th Cir. 2002) (finding no ineffective assistance of counsel for counsel's failure to raise *Apprendi*-type issue prior to that decision because such issue was "unsupported by then-existing precedent...").   Likewise, the U.S. Supreme Court has held: "it is clear that *Crawford* announced a new rule.  The *Crawford* rule was not dictated by prior precedent.  Quite the opposite is true: The *Crawford* rule is flatly inconsistent with the prior governing precedent." *Whorton,* __ U.S. __, 127 S.Ct. at 1181 (citations omitted).

Petitioner has not demonstrated that his counsel was ineffective for failing to raise *Blakely*-type or *Crawford*-type issues given that such claims were not dictated by then-existing precedent.  Therefore, Petitioner is foreclosed from arguing that counsel's failure to raise or otherwise advise Petitioner about a *Blakely*-type and/or *Crawford*-type claim somehow resulted in a state-created impediment to the filing of Petitioner's federal habeas petition.

On this record, sections 2244(d)(1)(B) through 2244(d)(1)(D) do not affect the AEDPA statute of limitations calculation.  Consequently, pursuant to section 2244(d)(1)(A), Petitioner had until October 26, 2004 to seek federal habeas relief.

Respondents are also correct that Petitioner has failed to establish that he is entitled to equitable tolling of the AEDPA statute of limitations. (Answer, pp. 7-8) Respondents persuasively point out that "Petitioner had nothing pending is [sic] state courts for over a year before he filed a successive petition for collateral relief premised on a *Blakely* violation. Thus, Petitioner squandered his right to federal review..."  (Id. at p. 8)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace,* 544 U.S. at 418.  Petitioner asserts that he is unlearned in the law.  Petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Fisher v. Johnson,* 174 F.3d 710, 714-716 (5th Cir. 1999)

("ignorance of the law, even for an incarcerated *pro se* petitioner generally does not" warrant equitable tolling of the AEDPA statute of limitations).   Further, for the same reason that Petitioner's trial and post-conviction relief counsel were not ineffective for failing to predict the *Blakely* and *Crawford* holdings, counsel's alleged failure to pursue or advise Petitioner about *Blakely*-type or *Crawford*-type claims, does not support a finding of equitable tolling. On the instant record, Petitioner has not demonstrated that his failure to file a federal habeas petition within the AEDPA statute of limitations, i.e. by October 26, 2004, was the result of circumstances beyond his control.  Therefore, the AEDPA statute of limitations is not subject to equitable tolling in Petitioner's case and the instant Petition must be dismissed as untimely.

## III.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 05-4225-PHX-SRB.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of Court is DIRECTED to mail Petitioner's copy of this Report and Recommendation to Petitioner at the following address:  6410 East Tonto Street, Mesa, Arizona 85205.

DATED this 25th day of April, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge